FILED
2018 Oct-26 PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit "A"

DOCUMENT 1

ELECTRONICALLY FILED
9/23/2018 11:29 PM
01-CV-2018-903837.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

State of Alabama
Unified Judicial System
Form ARCiv-93 Rev.5/99

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number: 01

Date of Filing: 09/23/2018

Judge Code:

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**LASHUNTA BOLER AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH LORETTA WHITE ET AL v. AMERICAN**

**First Plaintiff:** ☐ Business ☐ Individual ☐ Government ☑ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ______

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☑ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**
R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
AUS014

9/23/2018 11:29:31 PM
Date

/s/ MONICA DENISE AUSTIN-HATC
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2


ELECTRONICALLY FILED
9/23/2018 11:29 PM
01-CV-2018-903837.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
TENTH JUDICIAL CIRCUIT
BIRMINGHAM DIVISION

LASHUNTA BOLER, AS ADMINISTRATOR )
OF THE ESTATE OF ELIZABETH LORETTA )
WHITE AND LASHUNTA BOLER, )
Plaintiffs, )
)
VS. ) Case No.: ____________________
)
HONDA AMERICAN FINANCE CORPORATION,)
ALL STAR TOWING SERVICES, INC. Fictitious )
Parties A – L being that person or persons, including)
including certain other persons and/or businesses ) **JURY TRIAL DEMANDED**
who undertook to provide services prior to and )
during the fraudulent wrongful repossession of the )
vehicle whose actionable conduct of which )
contributed to and causes injuries to the Plaintiffs, )

The Plaintiff avers that the identities of the fictitious party Defendants are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff, their identities as proper party Defendants are not known to the Plaintiff at this time, but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendant.

---

**COMPLAINT**

---

**COMES NOW,** the Plaintiffs, LaShunta Boler, as Administrator of the Estate of Elizabeth Loretta White and in her individual capacity by and through the undersigned attorney of record and for her Complaint asserts the following:

**PARTIES**

1. The Plaintiff, Estate of Elizabeth Loretta White, is administrated by LaShunta Boler. The decedent passed on March 22, 2015. The Estate was opened in 2015 in the Jefferson County Probate Court.

2. The Plaintiff, LaShunta Boler is the daughter of Elizabeth Loretta White and the administrator of her Estate.

3. Upon information and belief, Defendant, American Honda Finance Corporation is a California corporation engaged in the business of motor vehicle financing in the State of Alabama.

4. Upon information and belief, Defendant, Allstar Recovery of Alabama, LLC is a Limited Liability Company engaged in the business of automobile repossession and recovery services in the State of Alabama.

**STATEMENT OF FACTS**

1. On or about October 2014, the Decedent, Elizabeth Loretta White prior to her death purchased a black 2014 Honda Civic LX Coupe Vehicle Identification Number: 2HGFG3B51EH504559 which was financed by American Honda Finance Corporation.

2. The monthly payments were calculated at $399.89.

3. Following her death, an Estate was opened and administrated by her daughter, LaShunta Boler (hereinafter referred to as "Administrator").

4. The Administrator began making monthly payments and continued until May 2018. The Administrator also paid the insurance on the vehicle during this time.

5. The payments were missed on June and July 2018.

6. On July 23, 2018, the Administrator contacted the Defendant, American Honda Finance Corporation (hereinafter referred to as "Honda") and attempted to pay the past due amounts.

7. The first customer service representative was rude and a complete conversation could not be held. The Administrator called back and reached another representative. During the course of the conversation, the Administrator informed the second representative of her capacity and was given the facsimile number to submit proper documentation.

8. The information was faxed over with a confirmation receipt.

9. On or about August 3, 2018, the Administrator was contacted by another customer service representative, who indicated her name was Robin. Robin stated the documents had not been received and asked that they be resubmitted. Robin also asked the Administrator her intent with keeping the vehicle. Upon learning the Administrator wished to keep the vehicle, Robin explained the options for doing so by stating she could refinance with Honda by making application on the website, do a transfer of equity, or refinance with Administrator's personal credit union. Robin provided Administrator with the payoff amount of $7,119.18. The payoff quote was good until August 13, 2018.

10. On or about August 5, 2018, with the permission of the other heirs, the Administrator applied for a loan at Jefferson Credit Union. On or about August 8, 2018, the loan was approved. Jefferson Credit Union required a payoff quote, copy of the title, and bill of sales to complete the transaction.

11. On or about August 8, 2018, the Administrator contacted Honda. The Administrator asked for Robin but was told Robin was not available. The customer service representative identified herself as Kelly and stated she could help. Kelly Singh faxed over a

DOCUMENT 2

signed Payoff Quote and copy of the title directly to Jefferson Credit Union during the call. The Payoff Quote was good until August 18, 2018.

12. On or about August 9, 2018, the heirs of the Estate signed their interest in the automobile to LaShunta Boler. The Administrator then completed the Bill of Sale and submitted the documents to Jefferson Credit Union.

13. On or about August 13, 2018, the transaction was completed, and Jefferson Credit Union mailed a check payable to Honda Financial Services, P.O. Box 78529, Philadelphia, PA 19101-7829, via United States Postal Service regular mail per the instructions given on the Payoff Quote faxed by Kelly Singh.

14. On or about August 14, 2018, the Administrator spoke with Kelly and informed her that the Credit Union had mailed the check on August 13, 2018 and it should be received by Thursday. The Administrator also provided Kelly with the name of the Credit Union and the loan officer, Tranisha Penn. Kelly stated okay and the conversation ended. Kelly never stated to the Administrator the car was out for repossession and/or remained out for repossession.

15. On or about August 17, 2018, the vehicle was repossessed from the home of LaShunta Boler. The driveway of the property was severely scratched and the grass was indented where the vehicle had been dragged down the driveway and off the curb of the street.

16. On or about August 17, 2018, the Administrator spent over one-half the day trying to locate the vehicle and retrieve her personal effects. Honda Financial directed the Administrator to their Tow and Recovery Department. The Tow and Recovery Department advised the Administrator that the car was towed by Allstar Towing and Recovery and they would have to tell her where the car was and when she could pick up her personal effects. If was difficult for the collections and recovery departments to transfer proper documentation to Allstar Towing so that

DOCUMENT 2

the Administrator could be provided the location of the vehicle. The Administrator was provided with contact information for the Allstar Towing in Mississippi.

17. Upon learning the vehicle was in the custody of Allstar Towing on a lot in Moody, Alabama, the Administrator went to retrieve the personal belongs from the tow lot but was not allowed to view or examined the automobile for damages. The personal effects from the car were bagged into three black trash bags with tags. The bags were delivered by two female agents driving a wrecked small jeep with a Mississippi license plate of which it is believed that one was named Stacey and the other Yoruba. The ladies represented that they worked for Allstar Towing. Some of the personal effects and electronics that prompted the immediate retrieval were not found in the bags. This matter was discussed with the representatives who stated they could not take the Administrator on the lot with the vehicles because the owners of the lot did not allow it. The Administrator indicated this on a document she was asked to sign in exchange for the bagged items.

18. On or about August 17, 2018, the check submitted to Honda from Jefferson Credit Union was deposited.

19. On or about August 20, 2018, the check for the payoff amount was cashed. The check was endorsed and stated there was an accord and satisfaction and nothing further was owed on the vehicle.

20. The Administrator was told on August 17, 2018, no information would be available regarding the return of the car until August 21, 2018. The Administrator attempted a call to Honda on August 21, 2018 but was placed on hold for a very long period and no one ever answered the call.

21. On or about August 22, 2018, the Administrator contacted Honda and was told to leave a message for a manager. The manager failed to timely return the call.

22. The attorney for the Estate also made numerous attempts to reach Honda and have this matter resolved. To date, Honda has not sent any written communications to the attorney for the Estate or the Administrator.

23. On or about September 2018, the Administrator was informed an additional amount of $677.77 was owed before the car could be returned without an explanation of such charges.

24. Both Plaintiffs have made demands for the vehicle to be returned to no avail.

**COUNT ONE – CONVERSION**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

25. Plaintiff avers the Defendant Honda converted the following described chattel, which is the property of the Plaintiff, to wit 2014 Honda Civic

26. Plaintiff demands the return of the said chattel and the Defendants have lawfully refused to return the same.

27. Plaintiffs aver that the Defendant All Star Towing Services, LLC converted the personal property of the Plaintiff Boler in that all items present in the automobile were not returned to her when she went to retrieve her personal effects.

28. Plaintiff demands the return of the personal items not included in the bags given to her or an amount comparable to the value of the items.

29. Plaintiff avers that because Defendants' conduct was gross, willful, and/or oppressive, Plaintiffs demands punitive damages.

DOCUMENT 2

**COUNT TWO – REPLEVIN/DENTINUE/CHATTELS IN SPECIE**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

30. Plaintiffs' claims of Defendants the following described personal property, to wit: 2014 Honda Civic

31. Plaintiff also claims Fifty Thousand Dollars ($50,000.0) as reasonable damages for the use and/or hire of said personal property.

32. Plaintiff demanded the return of said personal property from the Defendant.

**COUNT THREE – NEGLIGENCE AND WANTONNESS**

Plaintiffs aver Defendants failed to take the necessary steps to return the vehicle upon learning it was paid in full.

33. Plaintiffs aver that as a proximate consequence of Defendants' said negligence, Plaintiffs have incurred damages to include, loss of $9,000.00, loss of use of the vehicle, denied access to the vehicle, and additional expenses for transportation.

**COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

34. Plaintiffs aver Defendants intentional actions and conduct caused her to incur severe emotional distress. The automobile belonged to Plaintiff Boler's Mother, the value of which cannot be calculated, and the Plaintiff has suffered damages and emotional distress.

**COUNT FIVE – FRAUDULENT RECKLESS MISREPRESENTATION**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

35. Plaintiff avers she relied on information and the agreement presented by the Defendant which was to her detriment. The Agent of the Defendant advised the Plaintiffs and the Plaintiff's loan officer that the payoff of the automobile was a certain amount good through a certain period. The Defendant's Agent knew this was not true. The Defendant's Agent gave a payoff amount good through a certain date while misrepresenting that if the amount was paid by that date, the automobile would be returned. The Plaintiffs relied on this representation and have suffered harm and damages.

**COUNT SIX – CONSEALMENT OF MATERIAL FACTS**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

36. Plaintiffs aver the Defendants concealed a very material fact by not advising Plaintiffs that the car could be repossessed at any time, even once it was paid for in full in the amount given in writing as the payoff.

37. The Defendant's conduct has caused the Plaintiffs to suffer damages and emotional distress.

**COUNT SEVEN – FRAUDULENT INTENTIONAL MISREPRESENTATION**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

38. Plaintiffs aver the Defendants intentionally and recklessly represented information regarding the payment for the automobile which they knew to be false in that even if the car was

paid in full, it would keep the car and the money paid unless the Plaintiffs paid additional funds not included in the written payoff.

39. The Defendants' conduct, and behavior caused the Plaintiffs to suffer injuries and damages.

**COUNT EIGHT – BREACH OF CONTRACT**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

40. Plaintiffs aver the Defendants breached the contract created when learning of the Plaintiffs intent to keep the automobile and sending the requested payoff quote.

41. By cashing the check for payment, the Defendants willingly entered into an accord and satisfaction, but failed to return the automobile to the Plaintiffs.

42. The Defendants' conduct, and behavior caused the Plaintiffs to suffer injuries and damages.

**COUNT NINE – NEGLIGENT TRAINING AND SUPERVISION**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

43. Plaintiffs aver Defendants negligently trained and supervised its employees. The employees did not properly receipt the check for payment of the automobile and recall the repossession of the automobile once the payment was received.

44. Further, the Defendant's employees failed to communicate with each other to advise the Plaintiff that even though a payoff was good through a certain date, the car could still be repossessed OR that more money would be required in the event the automobile was repossessed while waiting for the check to arrive.

45. Further, Plaintiffs aver Defendants did not properly release and/or sign over title on the automobile upon realizing the account was paid in full and they no longer had a right to possession.

46. Plaintiffs aver Defendants negligent training and supervision caused damages to the body of the automobile during tow.

47. The Defendants' conduct, and behavior caused the Plaintiffs to suffer injuries and damages.

**COUNT TEN – WANTON TRAINING**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

48. Plaintiffs aver Defendants while training their employees heedlessly disregarded the property rights of the Plaintiffs.

49. Plaintiffs aver Defendants' wanton training process injured them and caused them damages.

**COUNT ELEVEN – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiffs adopts and re-alleges each and every previously stated provision of this Complaint as if fully set out herein.

50. Plaintiffs aver Defendants willfully and knowingly violated the Fair Debt Collection Practices Act.

51. The Defendants protocol for collecting the debt was not fair and practical as they never advised the Plaintiffs that the car could be repossessed at any time even during the period the Defendant advised the payoff quote would be valid.

52. The Defendants collected the amount owed on the debt **and** kept the collateral after the Plaintiffs demanded the automobile be returned once the automobile was paid in full.

53. The Defendants' violation of the said act has caused the Plaintiffs to suffer injures and damages.

**COUNT TWELVE—VIOLATION OF THE FEDERAL TRADE COMMISSION ACT**

54. The Defendants made false and misleading statements to the Plaintiffs in violation of the Federal Trade Commission Act.

55. The Defendants mislead the Plaintiffs to believe that if the written quoted payoff was tendered to the Defendant by a certain date, the Defendants would release the title to the automobile to the Plaintiff's loan company.

56. The Defendants knew the automobile would be repossessed and failed to warn the Plaintiffs of this material fact.

57. The Plaintiffs reasonably relied on this misrepresentation and obtained a loan for the amount quoted in the payoff.

58. The Defendants' conduct, and behavior caused the Plaintiffs to suffer injuries and damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs pray this Honorable Court will hold the Defendants joint and severally liable for their actions and conduct committed upon the Plaintiffs. Plaintiffs further pray for compensatory and punitive damages and judgment against each of the said Defendants in an amount sufficient to deter conduct such as this from happening again. Moreover, Plaintiffs request the Defendants pay all costs and fees and disbursements of

this action and together with such other and further relief, which this Court may deem proper, just, and equitable, to include but not limited to, interest from the date of the injuries sustained and a reasonable attorney's fee.

Respectfully submitted,

/s/Monica Austin-Hatcher
Monica Austin-Hatcher (AUS014)
Attorney for the Plaintiffs

**OF COUNSEL:**
Hatcher Law Office, LLC
2202 Second Avenue North
Birmingham, Alabama 35203
205.458.9989 Office
866-263-6182 Facsimile
attymhatcher@aol.com

**SERVICE REQUESTED ON THE DEFENDANTS VIA CERTIFIED MAIL:**

American Honda Finance Corporation
Attention: C T Corporation System
2 North Jackson Street Suite 605
Montgomery, Alabama 36104

Allstar Towing Services, Incorporated
Attention: Chester Willis
1950 B Floyd Bradford Road
Trussville, Alabama 35173




AlaFile E-Notice

01-CV-2018-903837.00

To: MONICA DENISE AUSTIN-HATCHER
attymhatcher@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LASHUNTA BOLER AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH LORETTA WHI
01-CV-2018-903837.00

The following complaint was FILED on 9/23/2018 11:31:06 PM

Notice Date: 9/23/2018 11:31:06 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov




AlaFile E-Notice

01-CV-2018-903837.00

To: AMERICAN HONDA FINANCE CORPORATION
CT CORPPORATION SYSTEMS
2 JACKSON ST NO. STE. 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LASHUNTA BOLER AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH LORETTA WHI
01-CV-2018-903837.00

The following complaint was FILED on 9/23/2018 11:31:06 PM

Notice Date: 9/23/2018 11:31:06 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov




AlaFile E-Notice

01-CV-2018-903837.00

To: ALL STAR TOWING SERVICES, INC.
CHESTER WILLIS
1950 B FLOYD BRADFORD RD.
TRUSSVILLE, AL, 35173

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

LASHUNTA BOLER AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH LORETTA WHI
01-CV-2018-903837.00

The following complaint was FILED on 9/23/2018 11:31:06 PM

Notice Date: 9/23/2018 11:31:06 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2018-903837.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**LASHUNTA BOLER AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH LORETTA WHI**

**NOTICE TO:** AMERICAN HONDA FINANCE CORPORATION, CT CORPPORATION SYSTEMS 2 JACKSON ST NO. STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MONICA DENISE AUSTIN-HATCHER ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2202 2nd Avenue North, Birmingham, AL 35203 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LASHUNTA BOLER AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH LORETTA WHITE *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

9/23/2018 11:31:06 PM *(Date)* /s/ ANNE-MARIE ADAMS *(Signature of Clerk)* By: ____ *(Name)*

☑ Certified Mail is hereby requested. /s/ MONICA DENISE AUSTIN-HATCHER *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on ____ *(Date)*.

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to ____ *(Name of Person Served)* in ____ *(Name of County)* County, Alabama on ____ *(Date)*.

____ *(Address of Server)*

____ *(Type of Process Server)* ____ *(Server's Signature)*

____ *(Server's Printed Name)* ____ *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2018-903837.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**LASHUNTA BOLER AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH LORETTA WHI**

**NOTICE TO:** ALL STAR TOWING SERVICES, INC., CHESTER WILLIS 1950 B FLOYD BRADFORD RD., TRUSSVILLE, AL 35173
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MONICA DENISE AUSTIN-HATCHER ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2202 2nd Avenue North, Birmingham, AL 35203 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LASHUNTA BOLER AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH LORETTA WHITE *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

| 9/23/2018 11:31:06 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested. /s/ MONICA DENISE AUSTIN-HATCHER
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on ______ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to ______ in ______ County,
*(Name of Person Served)* *(Name of County)*

Alabama on ______ .
*(Date)*

*(Address of Server)*

*(Type of Process Server)* *(Server's Signature)*

*(Server's Printed Name)* *(Phone Number of Server)*